UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MICHAEL S. SERGRETO,

                Plaintiff,

        -against-

UMH Properties, Inc., UMH Properties,
Inc. d/b/a Kinnebrook Estates, and
Kinnebrook Estates,

                Defendants.
-------------------------------------------------------x

OPINION AND ORDER

No. 21-CV-4621 (CS)

Appearances:

Alexander E. Mainetti
Mainetti & Mainetti, P.C.
Kingston, New York
*Counsel for Plaintiff*

Sheryl A. Sanford
Black Marjieh Leff & Sanford LLP
Elmsford, New York
*Counsel for Defendants*

Seibel, J.

      Before the Court is Plaintiff's motion to remand. (ECF No. 8.) For the reasons stated below, the motion is GRANTED.

      I summarize only the facts necessary to my decision. Plaintiff commenced this personal injury action in New York Supreme Court, Sullivan County, on March 12, 2021. (ECF No. 1-1.) Defendants are UMH Properties, Inc. ("UMH"), UMH Properties, Inc. d/b/a Kinnebrook Estates, and Kinnebrook Estates. (*Id.*) Plaintiff alleges, and Defendants do not dispute, that Kinnebrook Estates is a manufactured housing community owned and operated by UMH Properties, Inc.

(ECF No. 9 at 3; *see* ECF No. 8-1.)[1]  Plaintiff alleges that he was injured in a fall due to a dangerous condition at Defendants' premises.  (ECF No. 1-1 ¶¶ 54-58, 77-81, 100-104.)

Plaintiff's process server has averred that on March 23, 2021, he went to the office of UMH in Freehold, New Jersey[2] and served a copy of the summons and complaint on Julia McAleavey, who stated that she was authorized to accept service.  (ECF No. 1-2.)  UMH's general counsel has averred that Ms. McAleavey is a receptionist who has not been authorized to accept service, (ECF No. 10-2 ¶¶ 7-12), but neither he nor UMH deny that Ms. McAleavey said she was so authorized.  Nor do they deny that principals of UMH received the papers at or around that time.

On May 24, 2021, Defendants removed the case to this Court on diversity-of-citizenship grounds.  (ECF No. 1.)  Plaintiff moves to remand, arguing that the removal was untimely.

> Generally, any civil suit initiated in state court over which a district court would have had original jurisdiction "may be removed by . . . the defendants, to the district court of the United States for the district . . . embracing the place were such action is pending." 28 U.S.C. § 1441(a).  Section 1441 permits removal on the basis of either federal question jurisdiction or diversity of citizenship.  Section 1446 provides the procedure for the removal of civil actions and requires that the notice of removal "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . or within 30 days after the service of summons upon the defendant." 28 U.S.C. § 1446(b)(1).

*Dernier v. Mortg. Network, Inc.*, No. 20-CV-56, 2021 WL 1109464, at *3 (D. Vt. Mar. 23, 2021).  "Because statutory procedures for removal are to be strictly construed, [courts] resolve

---

[1] Kinnebrook Estates does not appear to be a corporation or any entity capable of being sued in its own right.

[2] The process server went to the office address Defendant UMH provided to the New York Secretary of State.  (ECF No. 8-2.)  Defendants concede that that address is UMH's office.  (ECF No. 10-2 ¶ 6.)

any doubts against removability." *Taylor v. Medtronic, Inc.*, No. 20-CV-742, 2021 WL 4468984, at *2 (2d Cir. Sept. 30, 2021) (cleaned up); *see Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) ("Federal courts construe the removal statute narrowly, resolving any doubts against removability.") (cleaned up). "When a party removes a state court action to the federal court on the basis of diversity of citizenship, and the party seeking remand challenges the jurisdictional predicate for removal, the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof." *R. G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) (cleaned up), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

There is no dispute that the notice of removal was filed more than thirty days after service on Ms. McAleavey, but Defendants argue that that is not when the thirty days began to run, because the service on her was invalid under New York law. Section 311(a)(1) of the New York Civil Practice Law and Rules provides, in relevant part, that "[p]ersonal service upon a corporation . . . shall be made by delivering the summons . . . to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." Defendants argue that Ms. McAleavey does not fit into any of these categories, and so they had thirty days to remove from when concededly valid service was made through the New York Secretary of State about a month later.

But "the [New York] Court of Appeals has declined to read the statute in a narrow and technical manner, stating instead that the statute should be liberally construed." *Marine Midland Realty Credit Corp. v. Welbilt Corp.*, 537 N.Y.S.2d 669, 671 (App. Div. 1989) (cleaned up). Further, it has specifically approved service where the process server reasonably relies on a

corporate employee's representation of authorization to accept service. In *Fashion Page, Ltd. v. Zurich Ins. Co.*, 50 N.Y.2d 265 (1980), the process server was directed by the receptionist to an individual who said she could accept the papers but who turned out to be the secretary of a corporate officer. *Id.* at 269-70. Noting that "the process server cannot be expected to know the corporation's internal practices," the Court of Appeals held that "[r]eliance may be based on the corporate employees to identify the proper person to accept service," and that "[i]n such circumstances, if service is made in a manner which, objectively viewed, is calculated to give the corporation fair notice, the service should be sustained." *Id*. at 272.

Since *Fashion Page*, "numerous decisions have upheld service where a secretary or receptionist accepted the papers and the corporate defendant in fact received them." *Arbitron, Inc. v. Marathon Media, LLC*, No. 07-CV-2099, 2008 WL 892366, at *3 (S.D.N.Y. Apr. 1, 2008) (collecting cases); *see* N.Y. C.P.L.R. § 311 (McKinney Practice Commentary 311:2) ("Numerous cases have upheld service on low-level employees who, upon inquiry at the corporation's office, identify themselves or others in the office as having the authority to accept process. Courts focus on the process server's diligence in seeking to ascertain a proper recipient and the reasonableness of his or her reliance on the representations of the corporation's employees.").

One such case is remarkably similar to this one. There:

> [P]laintiff submitted an affidavit from the process server, who stated that, upon entering defendant's office, she asked the receptionist for an authorized agent to accept service of the summons and complaint. The receptionist identified herself as a legal assistant and said that she was in charge of the office. When asked whether she was authorized to accept service, the receptionist answered in the affirmative, whereupon the process server handed her the papers. Defendant submitted no evidence to contradict the process server's sworn assertions.

> Instead, defendant offered an affidavit from one of its partners, who merely stated that the receptionist was not authorized to accept service. The partner was not present when the receptionist was served and had no personal knowledge whether she stated that she was authorized to accept service. Notably, defendant did not submit an affidavit from the receptionist. Under the circumstances, we conclude that the court properly rejected defendant's contention that it was not properly served with process.

*Cellino & Barnes, P.C. v. Martin, Lister & Alvarez, PLLC*, 985 N.Y.S.2d 776, 778 (2014). Likewise here, Plaintiff's process server has sworn that Ms. McAleavey represented that she was authorized to accept service, and Defendants' submissions do not contradict that fact or otherwise suggest that the process server should have or could have done anything more. "[W]hen the corporation is regularly doing business in the State, it generally cannot be heard to complain that the summons was delivered to the wrong person when the process server has gone to its offices, made proper inquiry of the defendant's own employees, and delivered the summons according to their directions." *Fashion Page*, 50 N.Y.2d at 273.

There is thus no cause to invalidate the service on March 23, 2021, and the removal on May 24, 2021 was untimely under Section 1446(b)(1).[3] Accordingly, the Clerk of Court is respecfully directed to remand this case to New York Supreme Court, Sullivan County, and to terminate the pending motion, (ECF No. 8).

Dated: October 12, 2021
       White Plains, New York

                                                 *Cathy Seibel*
                                          CATHY SEIBEL, U.S.D.J.

---

[3] Even if the service question were a closer one, I would remand because Defendants do not claim that they lacked actual notice on March 23, 2021; it is their burden to establish their entitlement to a federal forum; and doubts are to be resolved against removability.